ILIGANOA MAGEO COFFIN,
FUAIMAMAO MAGEO UELE and
NIKA MAGEO MA'A'ELE,
Petitioners

v.

MAGEO FELISE,
Defendant

## No. 1020

## High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

[Land: "Autapini" in Pago Pago]

## December 18, 1970

Heard before GOSS, *Associate Justice;* MASANIAI,
*Associate Judge;* MAILO, *Temporary Associate Judge;*
and FUIMAONO and MUASAU, *Assessors.*

### APPEARANCES

Counsel for Petitioners, Tuiteleleapaga Napoleone.
Counsel for Defendant, Ivi S. Pele.

### DECISION DELIVERED FOR THE COURT

GOSS, *Presiding Judge.*

This action concerns a portion of the land Autapini,
Ma'uputasi County. All parties are members of the matai
family Mageo, and Defendant is the matai thereof.
Petitioners are children of the Mageo Ma'a'ele who died in
1959, and who was the brother of Defendant's father.
Petitioner Fuaimamao Uele and her children claim the
right to remove, replace and enlarge a wooden house
located on the highway on the west side of Autapini creek.
Defendant authorized a parking lot to be constructed for
use by patrons of Soli's restaurant between the house and
the highway on land in use by occupants of the house.
Originally Petitioners sought to enjoin construction of the
parking lot. They later reduced their prayer to a request
for an adjudication as to the right of Mrs. Uele and her
children to: (1) remove, replace and enlarge the house; (2)
use a yard 12 feet wide along the front of the house and 10
feet wide along the west side of the house; and (3) have
reasonable access to the highway. Except for these areas
Petitioners have agreed to construction of the parking lot.
Defendant declines to agree to replacement of the house by

15

Petitioners and states Petitioners have no right to use the yard areas, claiming that Petitioners' conduct has been disrespectful and that he has another use for that land. He does not seek to otherwise evict Petitioner Mrs. Uele at this time.

The testimony which Soli Laolagi started to give on May 29, 1970 is stricken.

After consideration of the evidence herein and the law of the case the Court makes its Findings, Conclusions of Law and Judgment as follows:

## FINDINGS OF FACT

1. The Court has jurisdiction herein.

2. The house in question is located on communal land of the Mageo family and is communal property of the Mageo family.

3. While some improvements have been made to the property by Petitioners and their predecessors in interest, these improvements are not substantially greater than the improvements of other family members. The use by Petitioners and their predecessors has been beneficial.

4. The right to repair the house, occupy the yard area claimed by Petitioners and have unobstructed reasonable access between the highway and the house, 10 feet wide, are rights appurtenant to the right to occupy the house.

5. From 1949 until construction of the parking lot, Petitioners and those in privity with them occupied the house and appurtenant property to a greater degree than did any other branch of the family. Petitioners' occupancy has been as members of the Mageo family and with the tacit consent of the matais and other members of the family.

6. Defendant has not shown—

16

a. That construction of the parking lot is for the benefit of the entire Mageo family.

b. That it was determined in a family meeting to remove Petitioners from the house and yard area claimed.

c. That he has assigned to the Petitioners a specific area for construction of a replacement house.

7. Petitioners have not given Defendant cause for eviction for violation of duties owed to the matai.

## CONCLUSIONS OF LAW

1. Under Samoan custom, the matai of the family has jurisdiction over the land of his family. *Lutu S. et al. v. Fuimaono*, Trial Division No. 13 (Civil), 1964.

2. The matai of the family has the right to evict any person from communal lands if such person refuses to render the customary services and if the matai performs his obligation to protect family members against wrongdoings by other members of the family. *Leapaga v. Masalosalo*, Appellate Division No. 27 (Civil), 1962. *Vaotu'ua Family v. Puletele*, Trial Division No. 20 (Civil), 1954.

3. Under the law of Samoan custom Petitioners' occupancy and beneficial use of the communally owned house and appurtenant land over a considerable period, with the implied consent of the matais of the family, should be construed as an assignment of the house and land by implication. (See *Masalosalo v. Leapaga*, Trial Division No. 23 (Civil), 1962 for mention of this doctrine.)

4. Unless expressly provided otherwise, appurtenant to the right to occupy a communally owned house is the right to repair it and to occupy at least an area 12 feet wide on one side of the house and 10 feet wide on another side of the house. Also appurtenant is the right of reasonable and unobstructed access. These rights are possessed by Petitioners.

17

■ 5. An express or implied assignment of a communally owned house and appurtenant areas creates in the family member the right to continue beneficial occupancy until death, voluntary removal or authorized removal. Removal may be ordered by the matai only after:

a. A family meeting at which all parties are permitted to be heard.

b. A decision by the matai, reasonable under the circumstances, that the removal is for an important family purpose.

c. Provision of specific alternate land for erection of a dwelling unit if desired, or other arrangement reasonable under the circumstances. *Tiumalu v. Leasio*, Trial Division No. 21 (Civil), 1955.

d. Allowance of such time as is reasonably necessary to construct the new house or complete the other reasonable arrangements.

This paragraph is not intended as a construction as to the rights of an occupant who has made substantial improvements in reliance upon an assignment.

6. Without meeting the requirements set forth in Conclusion 5, a matai may not remove a family member who occupies a communal house and appurtenant areas with implied or express consent.

■ 7. Persons who are expressly or by implication assigned the right to occupy a communally owned house and appurtenant areas do not acquire the right to remove, replace or enlarge the house without approval of the matai.

## JUDGMENT

Accordingly it is the decision of this Court and it is hereby ORDERED and ADJUDGED:

1. As between the parties and all persons claiming under them—

18

a. Petitioners do not have the right to remove the above described house located on Autapini, without approval of the Defendant.

b. Providing that Petitioner Mrs. Uele serves the Defendant matai in accordance with Samoan custom, and until such time as she voluntarily quits the premises or is removed pursuant to Conclusion of Law 5, above, she and her family are entitled to remain in and repair the house, to occupy the above described land appurtenant thereto, and to have unobstructed access from the public highway by means of a strip 10 feet wide.

2. Court costs in the amount of $50 are assessed against Petitioners and $50 against Defendant, to be paid within 30 days after the decision herein is final.

3. The Clerk of the High Court will docket this Judgment and furnish copies thereof to counsel.